IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04-CV-00285-B |
| ) | WO |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTION

On July 26, 2005, this court entered a *Final Judgment* remanding this case to the Commissioner of Social Security for further proceedings pursuant to *sentence four* of 42 U.S.C. §405(g). (Docs. 18 and 19). Submitted now is the Plaintiff's uncontested[1] *Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)* filed on October 14, 2005 (Doc. 20).

Pursuant to the Equal Access to Justice Act, 28 U.S.C.§2412, Plaintiff seeks a total award of *$3,502.46* as itemized as follows: *$ 3,326.00* for attorney's fees to counsel of record, Micki Beth Stiller, at an hourly rate of $156.15;[2] *$26.46* as expenses for postage and

---

[1] The Commissioner "has no objection to Plaintiff's request for attorney fees and expenses under the EAJA" and "requests that the Court's order reflect that EAJA fees and expenses should be made payable to Micki Beth Stiller." The Commissioner "agrees Plaintiff should be compensated for the filing fee of $150.00" and properly notes that such is not an expense but rather a cost payable from the Judgment Fund administered by the United States Treasury and not the Social Security Administration. *(Defendant's Response*, Doc. 22, filed Oct. 31, 2005).

[2] Plaintiff's fee itemization reflects a total of 21.3 hours of services rendered between
(continued...)

photocopying; and *$150.00* as costs for filing fees. The court finds that Plaintiff's application is timely filed and that he is a "prevailing party" within the meaning of 28 U.S.C. §2412(d)(1)(A), in that pursuant to the *Order* and *Judgment* filed July 26, 2005 the court remanded this case for further consideration pursuant to *sentence four* of 42 U.S.C. §405(g). Plaintiff has documented increases in the consumer price index which authorize an increase from the $125 hourly fee specified in the EAJA to the requested hourly rate as an adjustment for inflation. Plaintiff's requested hourly rate is reasonable as are the hours expended for legal representation. Plaintiff's claim for expenses and costs is also reasonable.

Accordingly, it is the **ORDER, JUDGMENT, and DECREE** of this court that the Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)* (Doc. 20) is **GRANTED** as follows:

1. Plaintiff's application for an award of attorney's fees and expenses be **GRANTED** in the total amount of **$3,352.46**, payable to Plaintiff's counsel, Micki Beth Stiller.

2. Plaintiff's application for reimbursement of the filing fee be **GRANTED**, pursuant to 28 U.S.C. §2412(a)(1) and 28 U.S.C. §1920(1), in the total amount of **$150.00** as a **judgment for costs,** payable to Plaintiff's counsel, Micki Beth Stiller.

---

[2](...continued)
February 8, 2004 and October 13, 2005.

DONE this 2nd day of November, 2005.

                                          **/s/ Delores R. Boyd**
                                          DELORES R. BOYD
                                          UNITED STATES MAGISTRATE JUDGE